FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>DAVID B. NEWTON<br>LINDA M. NEWTON | **DEFENDANT(S)**<br>HSBC BANK USA, NATIONAL ASSOCIATION, a/k/a HFC BENEFICIAL and NCB MANAGEMENT SERVICES INCORPORATED |
|---|---|
| **ATTORNEY(S)** (Firm Name, Address, and Telephone No.)<br>Peter M. Iascone & Associates, Ltd.<br>117 Bellevue Avenue<br>Newport, RI 02840<br>(401) 848-5200 | **ATTORNEY(S)** (If Known)<br>Peter M. Iascone |
| **PARTY** (Check One Box Only)<br>[✓] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Trustee  [ ] Other | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor  [ ] Trustee  [ ] Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for the imposition of sanctions against each Defendant for violation of the provisions of 11 U.S.C. Section 362, 11 U.S.C. Section 362(k) and 11 U.S.C. Section 1692k.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 - Recovery of money/property - § 542 turnover of property
[ ] 12 - Recovery of money/property - § 547 preference
[ ] 13 - Recovery of money/property - § 548 fraudulent transfer
[X] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 - Dischargeability - § 523(a)(2), flase pretenses, false representation, actual fraud
[ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
*continued next column*

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 - Dischargeability - § 523(a)(5), domestic support
[ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 - Dischargeability - § 523(a)(8), student loan
[ ] 64 - Dischargeability - § 523(a)(15), divorce/sep property settlement/decree
[ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 - Injunctive relief - reinstatement of stay
[ ] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 - Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq.
[ ] 02 - Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law      [ ] Check if this is asserted to be a class action under FRCP 23

[✓] Check if a jury trial is demanded in complaint      Demand $

Other Relief Sought

Form 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>David B. and Linda M. Newton ||| BANKRUPTCY CASE NO.<br>**1:09-bk-11734** |
| DISTRICT IN WHICH CASE IS PENDING<br>Rhode Island || DIVISIONAL OFFICE<br>Providence | NAME OF JUDGE<br>Arthur N. Votolato |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>08/14/09 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Peter M. Iascone |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME: | DAVID B. NEWTON | BK NO. 1:09-bk-11734 |
| | LINDA M. NEWTON | CHAPTER 13 |
| | DEBTORS | |

DAVID B. NEWTON
LINDA M. NEWTON
                                        Plaintiffs

            Versus                                                              AP NO:

HSBC BANK USA, NATIONAL ASSOCIATION, a/k/a
HFC BENEFICIAL and NCB MANAGEMENT
SERVICES INCORPORATED
                                        Defendants

## ADVERSARY COMPLAINT

### Preliminary Statement

1. This Complaint is filed by the Debtors, David B. and Linda M. Newton (hereinafter "Plaintiffs" or "Debtors") in the above encaptioned Chapter 13 case. This Honorable Court has jurisdiction over this proceeding, which arises in a case filed pursuant to the Bankruptcy Code and concerns property of the Debtors, pursuant to 28 U.S.C. § 1334. This honorable Court has jurisdiction over Debtor's Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") pursuant to 15 U.S.C. § 1692k(d). This proceeding is a core proceeding in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

### Parties

2. The Plaintiffs are natural persons residing in the State of Rhode Island, and are also debtors under the provisions of Chapter 13 of Title 11 of the United States Code.

3. The Defendant, NCB Management Services Incorporated, (hereinafter "NCB") is, on information and belief, a corporation with a principal place of business located in

       Langhorne, Pennsylvania. The principal purpose of Defendant's business is the collections of debt using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another.

4. The Defendant, HSBC Bank USA, National Association, a/k/a HFC Beneficial (hereinafter "HSBC") is an FDIC insured institution with a principal place of business located at 1800 Tysons Boulevard, McLean, Virginia.

## The Base Case

5. This Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on April 30, 2009.

6. The 341(a) meeting of creditors was held on May 29, 2009.

7. The Chapter 13 plan was subsequently confirmed by order of this Court.

## The Allegations in Support of the Stay Violation

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debts were listed in favor of Defendant, HSBC.

9. On or about July 14, 2009, the attorney for the debtor, caused a written notice of his representation of the debtors, of the filing of the Chapter 13 case, and of the automatic stay to be mailed to all the creditors in this proceeding, including Defendant, HSBC, via first class mail, postage prepaid.

11. The Trustee in this case caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Defendant, HSBC.

12. The notice mailed by the Trustee included the following warning to all creditors: " In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case."

13. Numerous documents have been served on the Defendant, HSBC and received by said Defendant including but not limited to the Notice of Filing, the Notice of the Meeting of Creditors, and the Order Confirming Plan. Either the Court of Debtors' attorneys served said documents on Defendant, HSBC.

14. The Plaintiffs aver that the actions described below were taken after the Defendants, HSBC and NCB had notice of the bankruptcy filing, of the automatic stay, and of the Order for Relief duly entered by this Court.

15. The Plaintiffs aver that beginning shortly after the filing of their petition for relief with this Honorable Court as aforesaid, Defendant, HSBC caused the Defendant, NCB to begin a course of actions intended to collect on its debt which is subject to the Debtors bankruptcy case as aforesaid.  Defendants, HSBC and NCB, have repeatedly and continually contacted the Plaintiffs on phone and in writing in an attempt to collect said debt despite notice by Plaintiffs of their Bankruptcy filing.

16. The actions of the Defendants, HSBC and NCB as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 362 of Title 11 of the United States Code.

17. The actions of the Defendants, HSBC and NCB alleged herein are acts in violation and contempt of the Order for Relief duly entered by this Court.

18. The actions alleged herein by Defendant, NCB are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692c(a)(2), for contacting the Plaintiffs when the Defendants knew they were represented by an attorney, and such violations should form the basis for a punitive award of damages in this case.\; 15 U. S. C. § 1692e(11) as the first communication fails to contain the consumer warning: "This is an attempt to collect a debt and any information obtained will be used for that purpose; 15 U.S.C. § 1692e(2) *for misrepresenting the* character, amount, and legal status of the alleged debt; 15 U.S.C. § 1692e(5) *for* threatening to take action that cannot legally be taken; 15 U.S.C. § 1692e preface and e(10) *for using* false, deceptive, and misleading representations and means in connection with the debt collection; 15 U.S.C. § 1692f(1) *for* attempting to collect any amounts not authorized or permitted by law; 15 U.S.C. § 1692f preface, for using unfair and unconscionable means to collect or attempt to collect the alleged debt; 15 U.S.C. § 1692d(5) for causing the phone to ring repeatedly; and 15 U.S.C. § 1692d preface; for engaging in conduct the natural consequence of which is to harass, oppress, and abuse the debtors in connection with the collection of the alleged debt.

**WHEREFORE,** the Plaintiffs/Debtors respectfully prays of the Court as follows:

A. That this Court impose sanctions against each of the Defendants, HSBC and NCB, for violating Section 362 of Title 11 of the United States Code by ordering the respondent to pay monetary damages to the Plaintiffs/Debtors in excess of the sum of $2,500.00;

B. That this Court order each of the Defendants, HSBC and NCB to pay all legal fees and expenses incurred by counsel for the Plaintiffs/Debtors, said fees to be calculated at the rate of $325.00 per hour, but in no event to be less than $2,500.00;

C. That any proof of claim of the Defendants, HSBC and NCB be withdrawn, with prejudice, and that the underlying debt be forever canceled and discharged as an additional sanction provided for under Section 362(k) of Title 11 of the United States Code;

D. That the Debtors have and recover against the Defendants, HSBC and NCB a sum greater than $5,000.00 in damages to be paid to the Chapter 13 Trustee for distribution under their Chapter 13 Plan, such award to constitute punitive damages under Section 362(k) of Title 11 of the United States Code;

E. That, in the alternative, this Court hold the Defendants, HSBC and NCB in civil contempt for violating the Order for Relief duly entered in this case and impose damages including but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court;

F. That this Court order the Defendant, NCB to pay additional actual damages and statutory damages of $1,000.00 per violation of the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

G. That the Plaintiffs/Debtors have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff claims a trial by jury on all issues so triable.

> The Debtors,
> By their attorney,
> /s/ Peter M. Iascone
> Peter M. Iascone    No. 3125
> Peter M. Iascone & Associates, Ltd.
> 117 Bellevue Avenue
> Newport, RI 02840
> (401) 848-5200
> (401) 846-8189 facsimile
> iascone@law.necoxmail.com

Dated: August 14, 2009

## **CERTIFICATION**

I hereby certify that on August 14, 2009 I electronically filed the Adversary Complaint with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF system. The following participants have received notice electronically: None.

I hereby certify that on August 14, 2009 I mailed by First Class Mail, United States Postal Service, postage prepaid, the document and copy of the notice of electronic filing the following non CM/ECF participants:

Mr. John Boyajian, Trustee
182 Waterman Street
Providence, RI 02906

I hereby certify that on August 14, 2009 I mailed by **Certified Return Receipt Requested and First Class Mail**, United States Postal Service, postage prepaid, the document and copy of the notice of electronic filing the following non CM/ECF participants:

NCB Management Services Incorporated
P.O. Box 1099
Langhorn, PA 19047

Janet L. Burak, Executive V.P.
HSBC Bank USA, National Association
1800 Tysons Boulevard
McLean, VA 22102

                                                  /s/ Peter M. Iascone